INQUIRY COMMISSION, Petitioner,

v.

Jack A. STEINER, Jr. KBA
# 9304 Respondent.

No. 2003–SC–0263–KB.

Supreme Court of Kentucky.

June 12, 2003.

## OPINION AND ORDER

LAMBERT, Chief Justice.

Pursuant to SCR 3.165, the Inquiry Commission has petitioned this Court to enter an order temporarily suspending the Respondent, Jack A. Steiner, Jr., from the practice of law in the Commonwealth of Kentucky. Steiner, whose last known address is 6910 Narrow Creek Court, Prospect, Kentucky 40059, was admitted to the practice of law on May 3, 1982.

In support of its petition, the Inquiry Commission has submitted the affidavit of Lee Sitlinger, a partner in the law firm of Sitlinger, McGlincy, Theiler & Karem [1], in which Steiner was also a partner during the time period in question, from 1996 until the beginning of 2002. Sitlinger states in his affidavit that in his capacity as managing partner he became aware of certain financial irregularities concerning subrogation cases Steiner was handling on behalf of the insurance company clients. An internal audit subsequently revealed that approximately $92,978.93 was unaccounted for in the law firm's escrow accounts, all of which related to the collection matters handled by Steiner.

In his response to the Inquiry Commission's petition, Steiner does not refute the allegations of misappropriation, but rather attempts to mitigate his situation in an effort to prevent a future disbarment. Steiner points out that he has not engaged in the active practice of law since resigning from the law firm in April 2002, and states that he has no intention of re-entering the practice of law in the near future. Steiner admits that he has serious mental health issues and is currently undergoing counseling. In fact, Steiner has submitted a status report from Wade Rowatt, Ph.D., a certified pastoral counselor.

SCR 3.165(1)(a) provides that an attorney may be temporarily suspended if it "appears that probable cause exists to believe that the attorney is or has been misappropriating funds the attorney holds for others to his/her own use or has been otherwise improperly dealing with said funds." We conclude that there appears to be probable cause that Jack Steiner misappropriated funds while he was a

1. Formerly the law firm of Sitlinger, McGlin-    cy, Steiner, Theiler & Karem

partner at the law firm of Sitlinger, McGlincy, Theiler & Karem.

IT IS THEREFORE ORDERED THAT:

1. Jack A. Steiner, Jr., is temporarily suspended from the practice of law in this Commonwealth effective this date and until superseded by subsequent order of this Court.

2. Disciplinary proceedings against Steiner shall be initiated by the Inquiry Commission pursuant to SCR 3.160, unless already begun or unless Steiner resigns under terms of disbarment.

3. Pursuant to SCR 3.165(5), Steiner shall, within twenty (20) days of the date of entry of this Opinion and Order, notify all clients in writing of his inability to continue representation and shall furnish copies of such letters of notice to the Director of the Kentucky Bar Association.

4. Pursuant to SCR 3.165(6), Steiner shall immediately, to the extent reasonably possible, cancel and cease any advertising activities in which he is engaged.

All concur.

ENTERED: June 12, 2003.

/s/ Joseph E. Lambert
Chief Justice